'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALCON 3PL, INC. a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUN GROUP PARTNERS LLC, a California limited liability company; GLENN SANDS, an individual; BRENT SANDS, an individual; DOES 1 THROUGH 10, INCLUSIVE<br><br>　　　　Defendants. | CV 20-02523-RSWL-PVCx<br><br>**ORDER re: MOTION TO DISMISS** [23] |
|---|---|

　　Plaintiff Alcon 3PL, Inc. ("Plaintiff") brought the instant Action against Defendants Sun Group Partners, LLC ("Defendant Sun Group"), Glenn Sands, and Brent Sands ("Individual Defendants"), alleging breach of contract, open book account, account stated, and quantum meruit.  Currently before the Court is Defendants'

1

Motion to Dismiss for Lack of Personal Jurisdiction [23].[1]

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND

### A. Factual & Procedural Background

Plaintiff alleges the following in its Complaint:

Plaintiff is a corporation with its principal place of business in Los Angeles, California. Compl. ¶ 2, ECF

---

[1] Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." C.D. Cal. Local Civ. R. 7-3. "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." CarMax Auto Superstores Cal. LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015); see also ECASH Techs., Inc. v. Guagliardo, 35 F. App'x 498, 500 (9th Cir. 2002) ("The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements."). Here, the parties are in violation of Local Rule 7-3 because there is no indication the parties met and conferred. Nevertheless, Plaintiff does not seem to have been prejudiced by the violation because, although it did not file an opposition, it did file a stipulation to continue the hearing date for this Motion, showing that Plaintiff was aware of the Motion and its opportunity to oppose. See generally Pl.'s Stipulation to Continue Hr'g Date on Defs.' Mot. to Dismiss, ECF No. 27. Moreover, Plaintiff had sufficient time to oppose since the Court granted Plaintiff's stipulation. See generally Order Granting Pl.'s Stipulation to Continue Hr'g Date on Defs.' Mot. to Dismiss, ECF No. 28. Thus, the Court should exercise its discretion to consider the Motion's merits. See CarMax Auto Superstores Cal. LLC, 94 F. Supp. 3d at 1088 (electing to consider a motion's merits despite a violation of Local Rule 7-3).

No. 1. Defendant Sun Group is a limited liability company with its principal place of business in Palm Beach Gardens, Florida. Id. ¶ 3. Individual Defendants are citizens of Florida. Id.

Individual Defendants are "members and/or managers, and/or officers[,] and/or directors" of Defendant Sun Group. Moreover, "[Defendant] Sun Group is, and at all relevant times was, a mere shell, instrumentality, and conduit through which Individual Defendants carried on business in the name of [Defendant] Sun Group." Id. ¶ 12. Specifically, Individual Defendants "controlled, dominated, and operated [Defendant] Sun Group in that the activities and business of [Defendant] Sun Group were carried out without holding annual meetings, and without keeping records or minutes of any proceedings, or maintaining written resolutions." Id. Therefore, Defendant Sun Group is the alter ego of the Individual Defendants, and the Individual Defendants cannot use their company to shield themselves from personal liability. Id. at ¶¶ 12-13.

In or about late 2020 and early 2021, Plaintiff entered into an agreement with Defendant Sun Group through the Individual Defendants for warehouse personal protective equipment. Id. ¶ 14. On or about May 4, 2021, however, Defendants stopped paying the monthly sum. Id. ¶ 15. In addition, from May 4, 2021, to March 25, 2022, Defendants failed to make any payments for business transactions conducted between Defendants and

Plaintiff.  Id.

Plaintiff filed its Complaint [1] on April 14, 2022.  Defendant filed the instant Motion [23] on September 1, 2022.

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal of an action for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Where the motion is "based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts" to survive dismissal.  Id. (internal quotation marks omitted).  Absent an evidentiary hearing this court "only inquire[s] into whether [the plaintiff's] pleadings ands affidavits make a prima facie showing of personal jurisdiction."  Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 127-28 (9th Cir. 1995); Boschetto v. Hansing, 539 F.3d 1011 (9th Cir. 2008).  To make a prima facie showing, the plaintiff must allege facts that, if true, would support a finding of jurisdiction.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).  Although the plaintiff cannot rely on

4

1  the bare allegations of the complaint, uncontroverted
2  allegations in the complaint must be taken as true and
3  conflicts between statements contained in the parties'
4  affidavits must be resolved in the plaintiff's favor.
5  Schwarzenegger, 374 F.3d at 800.
6  **B.   Discussion**
7       1.   Personal Jurisdiction
8       Whether a federal court can exercise personal
9  jurisdiction over a non-resident defendant turns on two
10 independent considerations: whether an applicable state
11 rule or statute permits service of process on the
12 defendant, and whether the assertion of personal
13 jurisdiction comports with constitutional due process
14 principles.  See Pac. Atl. Trading Co. v. M/V Main
15 Express, 758 F.2d 1325, 1327 (9th Cir. 1985).  District
16 courts in California may exercise specific personal
17 jurisdiction over a nonresident defendant to the extent
18 permitted by the Due Process Clause of the United States
19 Constitution.  Cal. Civ. Prov. Code § 410.10.  The Due
20 Process Clause permits courts to exercise personal
21 jurisdiction over any defendant who has sufficient
22 "minimum contacts" with the forum state such that the
23 "maintenance of the suit [would] not offend traditional
24 notions of fair play and substantial justice." Int'l
25 Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
26      There are two recognized bases for personal
27
28

jurisdiction over non-resident[2] defendants: (1) "general jurisdiction," which arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum have given rise to the claim in question.  See Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414–16 (1984); Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050–51 (9th Cir. 1997).  To survive a 12(b)(2) motion, a plaintiff must show the court has personal jurisdiction over the defendants.  See Schwarzenegger, 374 F.3d at 800.

    Plaintiff has not satisfied its burden to show that the Court has personal jurisdiction over Individual Defendants.  Plaintiff alleges in its Complaint that the three Defendants[3] are citizens of Florida and entered into a contract with Plaintiff, a California corporation, to "warehouse" Defendants' goods.  Compl.

---

[2] Plaintiff stated in its Complaint that Individual Defendants are citizens of Florida and Defendant Sun Group is organized under Florida laws and has its principal place of business in Florida.  Compl. ¶¶ 3-5.  Therefore, with no allegations that any Defendant resides in California, all Defendants are nonresidents.

[3] Plaintiff asserts that Defendant Sun Group is the alter ego of Individual Defendants.  See Compl. ¶¶ 12-13.  The Court declines to assess whether this theory is viable at this stage of litigation, and instead centers its analysis on whether Plaintiff has met its burden of showing that the Court has personal jurisdiction over Individual Defendants.

¶¶ 2-5, 14-15.  Plaintiff fails to provide the location of this warehouse or any other facts that could conceivably support the notion that Defendants had minimum contacts with California.  See generally id.  Plaintiff merely states that Defendants entered into a contract with a California corporation for warehousing services when it is well established that a contract alone does not automatically establish minimum contacts with a plaintiff's home forum.  See Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008) ("[A] contract alone does not create minimum contacts with the plaintiff's forum."); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) ("[There must be] actions by the defendant . . . that create a substantial connection with the forum [s]tate [to establish personal jurisdiction].") (internal quotation marks omitted).

    Moreover, Plaintiff did not file an opposition or affidavits alleging that the Court has personal jurisdiction over Individual Defendants.  And even if Plaintiff's allegations in its Complaint did support finding that Individual Defendants had minimum contacts with California, Defendants dispute that contention by arguing that "there exists no minimum contacts with the forum state."  See Schwarzenegger, 374 F.3d at 800 (holding that only uncontroverted allegations in the complaint must be taken as true for the purposes of ascertaining whether a plaintiff has met its burden of showing personal jurisdiction).  Therefore, Plaintiff

7

1 has failed to provide adequate information to establish
2 a prima facie case for exercising personal jurisdiction
3 over Individual Defendants.
4     2.   <u>Local Rule 7-12</u>
5     Local Rule 7-12 reinforces the conclusion that
6 Plaintiff has not sufficiently alleged personal
7 jurisdiction.  Local Rule 7-12 states in pertinent part:
8 "failure to file any required document, or the failure
9 to file it within the deadline, may be deemed consent to
10 the granting or denial of the motion."  C.D. Cal. Local
11 Civ. R. 7-12.  In assessing whether this rule applies
12 and a court should grant an unopposed motion, the Ninth
13 Circuit considers the following five factors: (1) the
14 public's interest in expeditious resolution in
15 litigation; (2) the court's need to manage its docket;
16 (3) the risk of prejudice to the defendants; (4) the
17 public policy favoring disposition of cases of their
18 merits; and (5) the availability of less drastic
19 sanctions. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th
20 Cir. 2002).  This test for dismissal is "a disjunctive
21 balancing test, so not all five factors must support
22 dismissal."  <u>Sowinski v. Cal. Air Res. Board</u>, No. SACV
23 15-2123-JLS (JCGx), 2016 WL 5886902 (C.D. Cal. Aug. 18,
24 2016) (citing <u>Valley Eng'rs Inc. v. Elec. Eng'g Co.</u>, 158
25 F.3d 1051, 1057 (9th Cir. 1998)).
26 ///
27 ///
28 ///

a. The Public's Interest in Expeditious Resolution of Litigation

Here, as to the first factor, the public's interest in expeditious resolution of litigation always favors dismissal. Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Thus, this factor weighs in favor of dismissal.

b. The Court's Need to Manage Its Docket

Second, the Court's need to manage its docket depends on whether the delay in a particular case interferes with docket management and the public interest. Pagtalunan, 291 F.3d at 642. Here, Plaintiff's failure to file a response or request an extension indicates that the Plaintiff does not intend to prosecute the action against the Individual Defendants. See Balsin v. Equable Ascent Fin., LLC, CV 11-01113 MMM (FMOx), 2011 WL 13218018 at *2 (C.D. Cal. May 12, 2011) (finding in favor of dismissal where plaintiff's inattention and nonresponsive behavior suggests further litigation would waste the court's valuable resources). Thus, this factor weighs in favor of dismissal.

c. The Risk of Prejudice to the Defendants

Next, to prove risk of prejudice, a defendant must establish that a plaintiff's actions impaired a defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642 (citing Malone v. U.S.

Postal Serv., 833 F.2d 129, 131 (9th Cir. 1987)).  Here, Plaintiff neither provides an explanation for its failure to file an opposition nor requests an extension to do so.  See, e.g., Foster v. Jacquez, No. CV 09-01406 JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal."); Grubb v. Hernandez, No. ED CV 06-00807SJOAJW, 2009 WL 1357411 at *2 (C.D. Cal. May 1, 2009) ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay [for the purpose of Local Rule 7-12].").  Therefore, this factor weighs in favor of dismissal.

        d.   The Public Policy Favoring Disposition of Cases on Their Merits

Fourth, public policy favors disposition of cases on the merits, and therefore, this factor generally weighs against dismissal.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  This presumes, however, that the plaintiff "has manifested a diligent desire to prosecute his or her claims."  Ewing v. Ruano, No. CV 09-08471 VAP, 2012 WL 2138159 at *2 (C.D. Cal. June 12, 2012).  Here, Plaintiff has neither filed a timely opposition nor applied for an extension to file an opposition.  See id. (finding this factor favored dismissal where plaintiff failed to file a

timely opposition or apply for an extension).  Thus, this factor weighs in favor of dismissal.

        e.   <u>The Availability of Less Drastic Sanctions</u>

Finally, this factor "ordinarily counsels against dismissal" unless the court gave plaintiff an opportunity to avoid dismissal, in which case no lesser sanctions are available.  <u>Sperow v. Ponce</u>, No. CV 19-10525-KS, 2020 WL 3100645 at *2 (C.D. Cal. June 11, 2020).  Here, the Court did not offer Plaintiff an opportunity to avoid dismissal, nor did it find it necessary to consider the availability of other less drastic alternatives.  See <u>Pagtalunan</u>, 291 F.3d at 643 (finding this factor weighed against dismissal because the court did not consider the lesser alternative of imposing sanctions).  Therefore, this factor weighs against dismissal.

Of the five factors, four factors weigh in favor of dismissal.  Thus, the Court dismisses the Complaint against the Individual Defendants pursuant to Local Rule 7-12.

    3.   <u>Leave to Amend</u>

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend." <u>Winebarger v. Pennsylvania Higher Educ. Assistance Agency</u>, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019). "The court should give leave [to amend] freely when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the Ninth Circuit, "Rule 15's policy of favoring amendments

11

to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Against this extremely liberal standard, the Court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Here, leave to amend Plaintiff's claims is appropriate because Plaintiff can cure its failure to meet its burden by pleading facts that support exercising personal jurisdiction over the Individual Defendants. Thus, leave to amend would not be futile. Moreover, there is no evidence of bad faith by Plaintiff. While Plaintiff's failure to file an opposition could weigh toward finding undue delay or prejudice; ultimately, "[t]he purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose without promoting any other sound judicial policy." Howey v. U.S., 481, F.2d 1187, 1191 (9th Cir. 1973). The Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims **with leave to amend**.

### III. CONCLUSION

In sum, Plaintiff has not sufficiently alleged that the Court has personal jurisdiction over the Individual

12

1 | Defendants. Based on the foregoing, the Court **GRANTS**
2 | Defendant's Motion to Dismiss **with leave to amend.**
3 | **IT IS SO ORDERED.**

5 | DATED: November 17, 2022      /S/ RONALD S.W. LEW
                               _____
                               **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge